UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGEL RIVERA,

    Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATIONS, et al.,

    Defendants.

Civil Action No. 12-04174 (PGS)

MEMORANDUM OPINION
AND ORDER

**I. INTRODUCTION**

This matter comes before the Court on the Motion of Plaintiff Angel Rivera to compel Defendant Federal Bureau of Investigation to produce a Vaughn index [dkt. no. 11]. Defendant opposes this Motion [dkt. no. 12]. After carefully considering the Parties' submissions, and for the reasons specified below, Plaintiff's Motion is **DENIED**.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts and procedural history of this matter are well known to the parties and need not be recited here at length. Briefly, Plaintiff is a prisoner serving a sentence in New Jersey State Prison. See Pl.'s Compl., at ¶ 3, dkt. no. 1. On July 9, 2012, Plaintiff filed his Complaint under the Freedom of Information Act ("FOIA"), seeking "all records pertaining to his own name." Id. at ¶ 5. However, Plaintiff did not serve the Complaint on Defendant until October 19, 2012. See dkt. no. 3. Since that time, the parties have not engaged in discovery or motion practice. On October 22, 2013, the Court issued a Scheduling Order, which directed the parties to complete discovery by April 22, 2014, and dispositive motions by May 22, 2014. See dkt. no. 10.

Plaintiff now seeks an index of the documents and portions of documents withheld by Defendant, pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). "A Vaughn index is an itemized list compiled by the governmental agency which cross-references each withheld document (or portion thereof) with a specific FOIA exemption and the relevant portions of the agency's nondisclosure justification." Manna v. U.S. Dep't. of Justice, 815 F. Supp. 798, 816 (D.N.J. 1993). See dkt. no. 11. Defendant opposes this Motion and correspondingly seeks modification of the current Scheduling Order. See dkt. no. 12.

## III. DISCUSSION

Plaintiff argues that he is entitled to an index because it would be "useful" in narrowing the issues and would enable Plaintiff to "test the basis for the government's exemption claims." See Pl.'s Brief, at p. 2. In response, Defendant maintains that Plaintiff's request for an index is premature. See Def.'s Brief, at p. 1. Defendant also seeks modification of the current Scheduling Order, maintaining that discovery should occur, if at all, after the filing of its dispositive motion. Id. The Court will consider these issues in turn.

### A. Plaintiff's Request for a Vaughn Index

Ordinarily, courts do not require a defending agency to produce a Vaughn index before the filing of a dispositive motion. See, e.g., Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) (noting that the plaintiff's "early attempt in litigation of this kind to obtain a Vaughn Index…is inappropriate until the government first has a chance to provide the court with information necessary to make a decision on the applicable exemption."); U.S. Comm. on Refugees v. Dep't of State, Civ. No. 91-3303, 1992 WL 35089 at *1 (D.D.C. Feb. 7, 1992) (finding that "the preparation of a Vaughn index is unwarranted before the filing of dispositive motions in FOIA action"). This is consistent with precedent from this District. See, e.g., Berger v. I.R.S., 487

F.Supp.2d 482, 490, n.3 (D.N.J. 2007) ("The requirement for detailed declarations and Vaughn indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court.") (quoting Schwartz v. U.S. Dep't of Treasury, 131 F.Supp.2d 142, 147 (D.D.C.2000)); Small v. I.R.S., 820 F. Supp. 163, 164 n.1 (D.N.J. 1992) (noting that the Court would consider the plaintiff's motion for a Vaughn index as part of its opposition to defendant's summary judgment motion).

Given the applicable case law and the procedural posture of this case, the Court finds that Defendant should have an opportunity to file a dispositive motion and supporting affidavits before it is required to produce a Vaughn index. Depending on the sufficiency of Defendant's affidavits and the issues presented in the dispositive motion, the Court may decide that a Vaughn index is, or is not, necessary. Accordingly, Plaintiff's request for a Vaughn index is premature prior to the filing of a dispositive motion.

**B. Modification of the Scheduling Order**

Defendant also argues that the Scheduling Order should be modified to allow dispositive motions to proceed prior to discovery. The Court agrees. In a FOIA case, a court can only determine the need for discovery after the defending agency files its dispositive motion and supporting affidavits. Prior to that point, a court cannot properly evaluate whether a factual issue exists sufficient to warrant discovery. See, e.g., Miscavige, 2 F.3d at 369; Simmons v. U.S. Dep't of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986) (approving district court's decision denying discovery because agency affidavit filed with summary judgment motion made the need for discovery "moot"); Murphy v. F.B.I., 490 F. Supp. 1134, 1137 (D.D.C. 1980) (noting that the cases "establish a self-evident principle: a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law.").

After Defendant files its motion and supporting affidavits Plaintiff may seek discovery if he finds that the motion creates issues of fact. The Court will reserve judgment on any future discovery dispute until such time as it occurs.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 12th day of December, 2013,

**ORDERED** that Plaintiff's Motion to compel a <u>Vaughn</u> index [dkt. no. 11] is **DENIED**, without prejudice, as set forth above.

**ORDERED** that the Scheduling Order will be modified accordingly.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**