UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGEL RIVERA, | : | Civil Action No. 12-cv-4174 |
| | : | PGS-DEA |
| Plaintiff, | : | |
| | : | MEMORANDUM OPINION |
| v. | : | AND ORDER |
| | : | |
| FEDERAL BUREAU OF | : | |
| INVESTIGATION, et al. | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on the Motion of Plaintiff Angel Rivera seeking Leave to file an Amended Complaint [dkt. no. 23]. Defendants have opposed Plaintiff's Motion [dkt. no. 24]. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

I.     FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this matter are well known to the parties and need not be recited at length. As pertains to the present Motion, Plaintiff filed a Complaint against Defendants on July 09, 2012, alleging that Defendants had improperly withheld records concerning Plaintiff's name under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. See Compl. at ¶ 1, dkt no. 1. Plaintiff's Complaint seek an Order declaring Defendants' refusal to disclose the requested records was unlawful, that Defendants must provide Plaintiff with the requested records, and that Defendants must pay Plaintiff's costs and reasonable attorney's fees as provided in 5 U.S.C. §552 (a)(4)(E) . See Compl. at ¶ 9.

In his Motion to Amend, Plaintiff seeks to add claims for punitive and compensatory damages from Defendants. See Am. Compl. at p. 3, dkt. no. 23. According to Plaintiff, the Court should impose punitive damages against Defendants "in the amount of $100,000.00 because

Defendants acted with recklessness in initially stating that no records exist." Id. at ¶ 13.  In addition, Plaintiff seeks "sufficient compensatory damages to indemnify Plaintiff for the loss suffered." Id.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs amendments to pleadings. According to Rule 15(a)(1)(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(a).  After the 21-day period expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  The Rule further provides that "the court should freely give leave when justice so requires." Id.; see also Lake v. Arnold, 232 F.3d 360, 373-74 (3d Cir. 2000) *citing* Foman v. Davis, 371 U.S. 178, 182 (1962).  The decision to permit a Plaintiff to amend his Complaint rests within the sound discretion of the Court.  See Morton International, Inc. v. A.E. Staley Manuf. Co., 106 F. Supp. 2d 737, 744 (D.N.J. 2000).

In Foman, the Supreme Court set forth several factors for courts to consider in deciding whether to grant leave to amend.  The factors include:

(1)    Undue delay, bad faith or dilatory motive on the part of the movant;

(2)    Repeated failure to cure deficiencies by amendment previously allowed;

(3)    Undue prejudice to the opposing party by virtue of allowance of the amendment;

(4)    Futility of the amendment.

See Foman 371 U.S. at 182.  Unless the balancing of these factors weighs in favor of denying the amendment, leave should be freely given. Id.

## III. DISCUSSION

Although Plaintiff contends that the Court should allow him to amend his Complaint, Plaintiff makes no additional argument for the Court to consider in support of his Motion.

In opposition, Defendants argue that the policy favoring liberal amendment is not "unbounded". See Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Further, Defendants acknowledge that the decision to grant or deny a motion to amend rests within the sound discretion of the district court. See Ketzner v. John Hancock Mut. Life Insurance Co., 118 Fed. App'x 594,600 (3d Cir. 2004). However, Defendants argue, the Foman factors weigh against amendment.

As Defendants note, an amendment is considered futile if, "among other things, it cannot withstand a motion to dismiss." See Jablonski v. GM Corp., 706 F.2d 111, 125 (3d Cir. 1988). Defendants contend that Plaintiff's Motion should be denied on futility grounds, because compensatory and punitive damages are not available under FOIA. See Def.'s Brief at p. 4. Defendants argue that the FOIA statute does not provide a private right of action for money damages, and courts have consistently held that FOIA does not authorize any award of monetary damages to a requester. See 5 U.S.C. § 552(a)(4)(B); Bologna v. Department of Treasury, No. 93-1495, 1994 WL 381975, *3 (D.N.J. 1994); Cornucopia Inst. v. USDA, 50 F.3d 673, 675 n.1 (7th Cir. 2009). Further, since the federal government has not waived its sovereign immunity as to monetary damages under FOIA, Defendants argue, federal subject matter does not exist for Plaintiff's punitive and compensatory damages claims. See United States v. Sherwood, 312 U.S. 584, 586 (1941); Treasurer of New Jersey v. United States Dep't of Treasury, 684 F.3d 382, 396 (3d Cir. 2012). In sum, Defendants contend that the Court should deny the Plaintiff's Motion because the claims for punitive and compensatory damages are not available in a FOIA action under any facts or circumstances.

## IV. CONCLUSION & ORDER

After reviewing the Parties' submissions, the Court finds that Plaintiff is not entitled to the relief sought. As an initial matter, Plaintiff makes no arguments in support of his position. More importantly, however, the Foman factors weigh against granting leave to amend. Specifically, the Court finds that the proposed amendment would be futile, since the amended claims cannot withstand a Rule 12 (b)(6) Motion to Dismiss. See Jablonski v. GM Corp., 706 F.2d 111, 125 (3d Cir. 1988).

The Court has considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 1st day of August, 2014,

**ORDERED** that Plaintiff's Motion to Amend the Complaint [dkt. no. 23] is **DENIED**.

           **s/ Douglas E. Arpert**
           **DOUGLAS E. ARPERT, U.S.M.J.**